# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| S. M. MAHAN, JR., | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-97-N-1298-W |
| NATIONAL DATA CORPORATION, d/b/a NDC DENTAL SYSTEMS; AT&T CAPITAL CORPORATION; AT&T CAPITAL LEASING SERVICES, INC.; and MATT HOLTZER, | ] |
| Defendant(s). | ] |

*ENTERED JUL 11 1997*

## Memorandum of Opinion

### I.   Introduction.

In this diversity action, the plaintiff, S. M. Mahan, Jr. ("Mahan"), brings claims against the defendants, National Data Corporation, d/b/a NDC Dental Systems ("NDC"); AT&T Capital Corporation; AT&T Capital Leasing Services (collectively, "AT&T Capital"); and Matt Holtzer ("Holtzer"), pursuant to Alabama state law. Specifically, Mahan avers that, upon the advice of Holtzer, he purchased computer hardware and software from NDC by way of a lease finance agreement with AT&T Capital but that the hardware and software were "defective and did not operate properly because the equipment was inadequate for the software applications." *Complaint* at 3. Mahan brings claims for fraud and fraud by suppression, breach of warranty, breach of contract, negligence, and conspiracy. *Id.* at 3-6.

This matter is presently before the court on the June 26, 1997, motion of defendants AT&T Capital Corporation and AT&T Capital Leasing Services to dismiss the plaintiff's claims for fraud, negligence, and conspiracy or, in the alternative, for a more definite statement. AT&T Capital has briefed the motion, and the plaintiff failed to respond. Upon due consideration, the motion will be granted in part and denied in part.

## II.  **Allegations of the Complaint.**

The plaintiff avers that he purchased computer equipment, a dental office software package, and a maintenance agreement to provide for the upgrade and maintenance of the software from NDC in 1988. He states that in May of 1995, Holtzer represented to him that he needed to buy a new dental software system and certain computer equipment including one 16 megahertz pentium station and three 46SX stations manufactured by AT&T, the parent or sister corporation of AT&T Capital. Holtzer further maintained that the software was compatible with Mahan's computer and that the new hardware was proper for the software applications. *Complaint* at 2. On or about May 31, 1995, the plaintiff entered into an agreement to purchase the equipment and software from NDC for $36,536 by way of a lease finance agreement with AT&T Capital. *Id.* at 2-3.

Mahan contends that his maintenance agreement entitled him to upgrades without cost and that, contrary to Holtzer's and NDC's representations that the new dental software was totally new, it was actually an upgrade of Mahan's previous software and as such, should have been provided at no cost. *Id.* at 3. The plaintiff further alleges that the computer equipment he purchased was outdated and not marketable for commercial

2

purposes or at the prices charged by the defendants, *id.* at 5, and that the equipment was inadequate for the software applications. *Id.* at 3.

## III. Standard for Motion to Dismiss.

For purposes of ruling on a motion to dismiss, the court must take the allegations of the complaint as true and construe them in a manner most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim. *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir. 1976); *Hepperle v. Johnston,* 544 F.2d 201 (5th Cir. 1976).

## IV. Discussion.

### A. Fraud Claim.

AT&T Capital argues that the plaintiff has failed to plead his claim of fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and that the claim should be dismissed for failure to state a claim. *Defendants' Memorandum* at 2-4. Rule 9(b) provides in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. R. 9(b).

> The particularity rule serves an important purpose in fraud actions by alerting defendants to the "precise misconduct with which they are charged" and protecting defendants "against spurious charges of immoral and fraudulent behavior." . . . The application of the rule, however, must not abrogate the concept of notice pleading. . . . Allegations of date, time or place satisfy the

3

Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule.

*Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511-12 (11th Cir. 1988) (emphasis in original) (citations omitted). However, in situations where fraud is not pled with sufficient particularity, "the rules contemplate a repleader, not a dismissal." *Pelletier v. Zweifel*, 921 F.2d 1465, 1491 n.58 (11th Cir.), *cert. denied*, 502 U.S. 855 (1991); *see also Summer v. Land & Leisure, Inc.*, 664 F.2d 965, 970-71 (5th Cir. Unit B 1980), *cert. denied*, 458 U.S. 1106 (1982) (remanding case so that plaintiff may amend to assert more particularized allegations of fraud). If a plaintiff deliberately chooses to forego his opportunity to cure such defects of his complaint, dismissal is then proper. *Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985).

Tested against the above standard, the plaintiff's complaint satisfies the particularity requirement of 9(b). Mahan has alleged that Holtzer made representations in May 1995 that the plaintiff needed to purchase a new dental computer software system and certain computer equipment and that the equipment and software were compatible. *Complaint* at 2. Mahan further avers that Holtzer knew that the software he recommended was an upgrade of the plaintiff's existing software and that his maintenance agreement entitled him to free upgrades. *Id.* at 3. The plaintiff asserts, however, that Holtzer failed to apprise Mahan of this fact and that, as a result of these representations, the plaintiff purchased the software and equipment, that they were not compatible, and that he should not have paid for them. *Id.* at 3-4. Accordingly, AT&T Capital's motion will be denied to the extent it seeks dismissal of the fraud claim or, in the alternative, a more definite statement.

### B. Negligence Claim.

AT&T Capital next claims that Mahan's allegations of negligence fail to state a claim upon which relief may be granted and should thus be dismissed. *Defendants' Memorandum* at 4-5. Under Alabama law, the elements of negligence are (1) duty; (2) breach of duty; (3) causation; and (4) injury. *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269, 273 (Ala. 1965). "The absence of one of these [elements] renders a complaint bad or the evidence insufficient." *Id*; *see also Chilton Butane Gas, Inc. v. Marcus*, 267 So. 2d 140, 142-43 (Ala. 1972) ("A general averment of negligence, or breach of duty, is sufficient, but a cause of action is not stated unless facts are averred which show the existence of a duty on defendant's part to act, arising out of the relation of the parties."). AT&T Capital argues that the plaintiff's claim alleges neither any duty owed by the defendants to him nor a breach of that duty and that he therefore does not state a proper claim. *Defendants' Memorandum* at 4-5.

Mahan's negligence claim consists of two paragraphs. First, he "realleges" all of the complaint's allegations. *Complaint* at 5. Then, he avers that the defendants "negligently caused or allowed [him] to suffer the injuries and damages" as set out in the complaint. *Id.* Thus, the plaintiff asserts two of the four elements of a negligence claim. In pages one through five of the complaint, Mahan asserts general allegations and his claims for fraud, breach of warranty, and breach of contract. If the plaintiff's negligence claim is to be adjudged sufficiently pled, the court must find that the complaint's allegations of misrepresentation on the part of Holtzer establish a duty owed to the plaintiff by the defendants and a breach of that duty. Because the court can conceive of no such duty

5

under the law, however, the plaintiff has failed to allege a proper negligence cause of action. Accordingly, the motion will be granted to the extent it seeks dismissal of this claim.

### C. Conspiracy Claim.

Finally, AT&T Capital asserts that Mahan's conspiracy claim should be dismissed because it is dependent upon his allegations of fraud and concealment and is likewise not pled with sufficient particularity. *Defendants' Memorandum* at 5. Because the court has found that the plaintiff's allegations of fraud have been pled in accordance with Rule 9(b) of the Federal Rules of Civil Procedure, however, the motion will be denied with regard to the conspiracy claim.

### V. Conclusion.

Accordingly, AT&T Capital's motion to dismiss will be granted in part and denied in part. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 10th of July, 1997.

                                                                EDWIN L. NELSON
                                              UNITED STATES DISTRICT JUDGE